[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Raising two assignments of error, defendant-appellant Brian Folden appeals his convictions on two counts of trafficking in cocaine in violation of R.C. 2925.03(A).
In his first assignment of error, Folden contends that his convictions were not supported by sufficient evidence and were against the weight of the evidence. Having reviewed the evidence in the light most favorable to the state, we conclude that the jury could reasonably have found that the essential elements of the crimes charged had been proved beyond a reasonable doubt.[1] We, therefore, reject Folden's challenge to the sufficiency of the evidence. Moreover, because we conclude that, in weighing the evidence, the jury did not lose its way and create a manifest miscarriage of justice, we reject Folden's contention that his convictions were against the weight of the evidence.[2] Accordingly, we overrule the first assignment of error.
In his second assignment of error, Folden asserts that the trial court erred in failing to instruct the jury on the consideration to be given the testimony of accomplice Dwayne King, as R.C. 2923.02(D) required. Because Folden's trial counsel failed to object to the jury instructions, Folden cannot prevail unless he demonstrates that but for the error, "the outcome of the trial clearly would have been otherwise."[3]
Here, the failure to give the instruction cannot be said to have affected the outcome of the trial, given that (1) the jury was made aware, through direct examination and cross-examination, of what the accomplice served to gain by testifying against Folden; (2) other evidence, apart from the accomplice's testimony, supported the state's case; and (3) the trial court provided the jury with a general instruction on witness credibility.[4] Accordingly, the second assignment of error is overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Sundermann, JJ.
[1] State v. Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541; Statev. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
[2] State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717,720-721, quoted in State v. Thompkins, supra, 78 Ohio St.3d at 387,678 N.E.2d at 549.
[3] State v. Long (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph two of the syllabus; Crim.R. 30(A) and 52(B).
[4] See State v. Hinkston (Sept. 29, 2000), Hamilton App. No. C-000024, unreported.